UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM STAYART,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DILLARD'S PROPERTIES, INC., et al.,<br><br>　　　　Defendants. | No. 2:14-cv-00495-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

　　　　On February 18, 2014, Defendants Dillard's Properties, Inc., and Dillard Store Services, Inc., ("Defendants") removed this action from the Superior Court of California for the County of San Joaquin. ECF No. 1. On March 17, 2014, Plaintiff William Stayart ("Plaintiff") filed a Second Amended Complaint ("SAC"). Plaintiff subsequently filed a Motion to Remand. Shortly thereafter, Defendants moved to dismiss Plaintiff's SAC on the grounds that Plaintiff and Defendants are parties to an enforceable arbitration agreement. For the following reasons, Plaintiff's Motion to Remand, ECF No. 10, is GRANTED. The case is remanded to the Superior Court of California, County of San Joaquin. Because the Court remands this action to state court, it need not reach the merits of Defendants' Motion to Dismiss, ECF No. 12, which is DENIED as moot.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered both motions submitted on the briefs. E.D. Cal. Local R. 230(g). See ECF No. 22.

# BACKGROUND[2]

Plaintiff worked as a salesperson for Defendants at a Dillard's location in Stockton, California, where he was paid either a commission or $12.00 per hour depending on the amount of sales made in any given week.  Plaintiff alleges that throughout his employment with Defendants, Plaintiff was frequently required to work more than eight (8) hours per day, more than forty (40) hours per week, and/or more than twelve (12) hours per day, and/or seven (7) days in a week without proper overtime and/or double time compensation, in order to complete the duties assigned to him.  Throughout his employment with Defendants, Plaintiff claims he was not compensated for time spent subjected to mandatory security checks after he had clocked out of work.  In addition, according to Plaintiff, Defendants did not provide him with appropriate wage statements.  When his employment with Dillard's ended, Plaintiff was not paid for his uncompensated overtime and/or double time hours worked.

Plaintiff originally filed his First Amended Complaint ("FAC") in the Superior Court of California for the County of San Joaquin.  Notice of Removal, Feb. 18, 2014, ECF No. 1-1.  In his FAC, Plaintiff sought a collective and class action and alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, as well as several state law claims.  Id.  Defendants subsequently removed this action to federal court on the basis of this Court's federal question jurisdiction.  ECF No. 1.  Plaintiff filed a SAC on March 17, 2014, in which he eliminated his FLSA claim.  ECF No. 9.  Plaintiff now asks that the Court remand this action because his SAC contains only state law claims.  ECF No. 10.

///
///
///
///

---

[2] The following recitation of facts is taken, often verbatim, from Plaintiff's Second Amended Complaint.  ECF No. 9.

## STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Thus, on a motion to remand, the removing defendant has the burden of establishing federal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

There are two bases for federal subject matter jurisdiction: (1) diversity jurisdiction under 28 U.S.C. § 1332, and (2) federal question jurisdiction under 28 U.S.C. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2). A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. Even if a civil action is based in part on claims over which a federal court would ordinarily lack jurisdiction, the case may be removed if it includes at least one claim giving rise to federal jurisdiction. Id. § 1441(c). Upon removal, the court can exercise supplemental jurisdiction over "claims that are so related to claims in the action [giving rise to federal jurisdiction] that they form part of the same case or controversy under Article III of the United States Constitution." Id. § 1367(a).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c). However, where a plaintiff dismisses all claims giving rise to federal question jurisdiction, leaving only claims over which the court exercises supplemental jurisdiction, the court does not lack subject matter jurisdiction. Rather, the court may choose to continue to exercise supplemental jurisdiction over those claims, or may exercise its discretion to

1  remand the case to state court.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343
2  (1988).  Thus, "a plaintiff may not compel remand by amending a complaint to eliminate
3  the federal question upon which removal was based." Sparta Surgical Corp. v. Nat'l
4  Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). "It is well settled that a
5  federal court does have the power to hear claims that would not be independently
6  removable even after the basis for removal jurisdiction is dropped from the proceedings."
7  Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) (internal quotations
8  and citations omitted).

## ANALYSIS

Defendants oppose Plaintiff's motion to remand on  grounds that although Plaintiff's SAC no longer contains an express FLSA claim, Plaintiff nonetheless still alleges that Defendants violated federal law because the Complaint contains two references to FLSA violations as part of Plaintiff's Unfair Competition Law ("UCL") cause of action, which is premised on California Business and Professions Code § 17200, et seq.  Defendants also contends that even if the Court concludes that Plaintiff's SAC does contain a federal law claim, the relevant considerations of judicial economy, convenience, fairness, and comity favor the Court exercising supplemental jurisdiction.

First, Defendants argue that Plaintiff has effectively continued to allege a separate federal claim by alleging a violation of the UCL based on contravention of a federal law.[3] However, "[w]here a plaintiff has alleged a UCL claim based on both the violation of state and federal law, courts have found that federal question jurisdiction does not exist." Williams v. Wells Fargo Bank, N.A., CV 10-4761 PA PJWX, 2010 WL 3184248, at *4

---

[3] Specifically, Defendants point to the following two paragraphs within Plaintiff's SAC to support this contention: (1) "Defendants' failure to properly compensate Plaintiff and the putative class in accordance with the FLSA and the California Labor Code constitutes an unlawful business practice in violation of California Business and Professions Code Section 17200 et seq." SAC, ECF No. 9 at 5; and (2) "Defendants' failure to pay the legally mandated wages as discussed above in violation of California law and the FLSA constitutes an unlawful business act and practice in violation of Business and Professions Code §17200 et seq." Id. at 13.

(C.D. Cal. Aug. 9, 2010); see, e.g., Holliman v. Kaiser Foundation Health Plan, 2006 U.S. Dist. LEXIS 14627 at *13, 2006 WL 662430 (N.D. Cal. March 14, 2006) (finding no federal question jurisdiction where UCL claim was based on violations of California Labor Code and FLSA).  Here, Plaintiff alleges a UCL claim based on violations of both California law and the FLSA.  See SAC, ECF No. 9 at 5, 13.  "Because a single unlawful business practice may give rise to liability under the UCL, a jury could very well find that Defendant[s] violated section 17200 without also finding that [they] violated the FLSA.  As such, [Plaintiff's] UCL claim does not depend upon the resolution of a question of federal law."  Williams, 2010 WL 3184248 at *4; see Holliman, 2006 WL 662430 at *4.  Therefore, the Court finds that it lacks federal question jurisdiction over Plaintiff's SAC.[4]

However, even after all of the claims that formed the basis of federal question jurisdiction are eliminated from a suit, the Court still has subject matter jurisdiction over the state law claims based on supplemental jurisdiction, although the Court may decline to exercise that jurisdiction.  Plaintiff, having dismissed his FLSA cause of action arising under federal law, argues the Court should decline to exercise supplemental jurisdiction over the state law claims and should remand this case to the Superior Court of California.  In Carnegie-Mellon University v. Cohill, the Supreme Court held that a district court should balance four factors—judicial economy, convenience, fairness, and comity—and exercise its discretion when deciding whether to retain supplemental jurisdiction over state law claims.  484 U.S. at 351.  However, Carnegie-Mellon was decided under 28 U.S.C. § 1367(c)(3), which provides that "the district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3) (emphasis added); Carnegie-Mellon, 484 U.S. 343.  In this case, Plaintiff, rather than the

---

[4] Defendants also attempt to establish federal question jurisdiction by noting that Plaintiff's SAC includes a reference to "a 'national collective' class – a group representation vehicle available under the FLSA but not for state law classes under Rule 23."  Opp'n, ECF No. 11 at 5.  However, because Plaintiff does not allege an FLSA cause of action, Plaintiff may not avail himself of a national collective class.  The inclusion of such language does not vest this Court with subject matter jurisdiction.  In any event, Plaintiff notes that the inclusion of this phrase was an "obvious typographical error" and that Plaintiff does not intend to pursue a national collective class.  Reply, ECF No. 20 at 3.

district court, dismissed the federal claim.  This case therefore does not fall strictly within the ambit of § 1367.

Nonetheless, the policies addressed in Carnegie-Mellon apply to the instant case, and other courts have used the Carnegie-Mellon analysis to determine whether remand is appropriate when the plaintiff has dismissed all claims giving rise to federal question jurisdiction.  See, e.g., Bernard v. Wells Fargo Bank, Nat'l Ass'n, CIV. S-12-1980 LKK, 2012 WL 5187990 (E.D. Cal. Oct. 18, 2012); Gilroy v. City of Bakersfield, 1:11-CV-01231 LJO JLT, 2011 WL 4375012 (E.D. Cal. Sept. 19, 2011), adopted, 2011 WL 4770191 (E.D. Cal. Oct. 7, 2011).  Accordingly, the Court finds it is appropriate to apply the analysis prescribed in Carnegie-Mellon to the instant Motion.

Under Carnegie-Mellon, as indicated above, the Court must consider "the values of judicial economy, convenience, fairness, and comity" in deciding whether remand is warranted.  484 U.S. at 350.  Additionally, the Court must consider attempts by Plaintiff to "manipulate the forum."  Id. at 357.

Here, considerations of judicial economy strongly favor remand.  "Remand is inadvisable in cases 'where the trial date is imminent or where the federal court has performed a substantial amount of legal analysis that would need to be repeated by the state court if the case were remanded.'"  Bernard, 2012 WL 5187990, at *3 (quoting Millar v. Bay Area Rapid Transit Dist., 236 F. Supp. 2d 1110, 1116 (N.D. Cal. 2002)).  By contrast, when the federal law claims are dropped in the early stages of the suit and only claims based on state law remain, "the balance of the factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon, 484 U.S. at 350 n.7.  In this case, as in Bernard, the proceedings are at an early stage. Defendants have not answered the Second Amended Complaint, and the only filings to date are the pleadings, this Motion, Defendants' Motion to Dismiss, and filings related to the two motions.  The Court has not held an initial scheduling conference under Federal Rule of Civil Procedure 16, nor has the Court set the timeframes for discovery or addressed whether a valid and enforceable arbitration agreement exists between the

1  parties.  Accordingly, remanding the case will not cause the state court to repeat work
2  undertaken by this Court, and no judicial economy will be lost.
3          Additionally, the pleadings and other papers indicate that the facts giving rise to
4  this litigation took place in Stockton, California, where Plaintiff was employed and where
5  the matter was originally filed.  It is therefore likely that the relevant employment and
6  payroll records will be located in Stockton.  In light of the convenience of litigating the
7  case in Stockton, the consideration of convenience also weighs in favor of remand.
8          Finally, "as a matter of comity," federal courts should avoid "[n]eedless decisions
9  of state law."  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).
10 Accordingly, this factor also favors remand.  Only state law claims remain and there is no
11 reason that the Superior Court cannot determine whether the arbitration clause at issue
12 is valid and enforceable as it pertains to Plaintiff's state law claims.  See, e.g., KPMG
13 LLP v. Cocchi, 132 S. Ct. 23, 24 (2011) (per curiam) (explaining that "[a]greements to
14 arbitrate that fall within the scope and coverage of the Federal Arbitration Act . . . must
15 be enforced in state and federal courts" and that "[s]tate courts . . . have a prominent role
16 to play as enforcers of agreements to arbitrate") (internal citations omitted).
17         Plaintiff has clearly made some efforts to have this suit proceed in state court, as
18 the case was originally filed there, and Plaintiff has since eliminated his FLSA claim and
19 now seeks remand.  However, there is no "categorical prohibition on the remand of
20 cases involving state-law claims" simply because Plaintiff has engaged in some form of
21 forum manipulation.  Carnegie-Mellon, 484 U.S. at 357.  Moreover, Plaintiff's efforts to
22 proceed in state court are not "manipulative" to the extent that remand is inappropriate,
23 and on balance, the factors strongly indicate these claims are best litigated in state
24 court.
25         Accordingly, Plaintiff's Motion, ECF No. 10, is GRANTED.
26 ///
27 ///
28 ///

///

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to Remand is GRANTED, ECF No. 10;
2. Defendants' Motion to Dismiss and Compel Arbitration, ECF No. 12, is DENIED as MOOT;
3. This case is REMANDED to the Superior Court of California, County of San Joaquin, with the Clerk of this Court directed to transfer the file accordingly; and;
4. The Clerk of this Court is directed to CLOSE the case.

IT IS SO ORDERED.

Dated: June 24, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT